## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |
|---|---|
| A PTY LTD., | |
| Plaintiff, | Case No. 1:15-cv-00157-RP |
| v. | |
| GOOGLE INC., | |
| Defendant. | |

## ANSWER TO COMPLAINT BY DEFENDANT GOOGLE INC.

Defendant Google Inc. ("Google") hereby answers Plaintiff A Pty Ltd.'s ("A Pty" or "Plaintiff") Complaint for Patent Infringement ("Complaint"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## PARTIES

1.      Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and, therefore, denies them.

2.      Google admits that it is a Delaware corporation with its headquarters at 1600 Amphitheatre Parkway, Mountain View, California  94043.  Google admits that it has a registered agent for service located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

3.      Google admits that this action purports to invoke the patent laws of the United States, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Google denies any remaining allegations contained in paragraph 3.

4.      For the purpose of this action only, Google admits that venue is proper in the Western District of Texas pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).  Google denies that this Court is an appropriate or convenient venue for this action and reserves the right to seek a transfer to a more convenient forum.  Google denies any remaining allegations contained in paragraph 4.

5.      For the purpose of this action only, Google does not contest personal jurisdiction in the Western District of Texas.  Google specifically denies that it has committed any acts of infringement within the Western District of Texas, or any other District.  Google denies any remaining allegations contained in paragraph 5.

## FACTUAL BACKGROUND

6.      Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and, therefore, denies them.

7.      Google admits that paragraph 7 is a paraphrase of language that appears in the Abstract of the '572 patent.  Google denies any remaining allegations contained in paragraph 7.

8.      Google denies the allegations in paragraph 8.

9.      Google admits that it operates offices in Austin, Texas and Addison, Texas. Google denies the remaining allegations contained in paragraph 9.

10.      Google denies the allegations in paragraph 10.

## RESPONSE TO COUNT I – INFRINGEMENT OF U.S. PATENT 7,010,572

11.      Google admits that what appears to be a copy of U.S. Patent No. 7,010,572 ("the '572 patent") is attached as Exhibit A to the Complaint, and indicates on its face that it is entitled "System for Handling Electronic Mail."  Google is without knowledge or information sufficient

2

to form a belief as to the truth of the remaining allegations of paragraph 11 and, therefore, denies them.

12.     Google denies the allegations in paragraph 12, and specifically denies that it has committed any acts of infringement.

13.     Google        admits         that         the         link https://support.google.com/mail/answer/3294854?hl=en is to a webpage entitled Gmail Help. Except as expressly admitted, Google denies the allegations contained in paragraph 13.

14.     Google denies the allegations in paragraph 14.

15.     Google denies the allegations in paragraph 15, and specifically denies that it has committed any acts of infringement.

## RESPONSE TO DEMAND FOR JURY TRIAL

16.     A Pty's demand for a trial by jury on all issues so triable does not state any allegation, and Google is not required to respond.

## RESPONSE TO PRAYER FOR RELIEF

17.     These paragraphs set forth the statement of relief requested by A Pty to which no response is required.  Google denies that A Pty is entitled to any of the requested relief and denies any allegations contained therein.

## AFFIRMATIVE DEFENSES

18.     Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.   In addition to the affirmative defenses described below, subject to its responses above, Google

3

specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

19.     A Pty's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE – NONINFRINGEMENT

20.     Google does not infringe and has not infringed (not directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '572 patent, at least because the accused Google products do not employ a method in which a "descriptor comprises," or is "selected from," "a plurality of identifying elements."

## THIRD AFFIRMATIVE DEFENSE – INVALIDITY

21.     The claims of the '572 patent are invalid because one or more claims fail to meet the "conditions for patentability" of 35 U.S.C. §§ 101, 102, 103, and/or 112 because the claims are directed to abstract ideas or other non-statutory subject matter, the alleged invention thereof lacks utility; is taught by, suggested by, and/or, obvious in view of, the prior art; and/or is not adequately supported by the written description of the patented invention.  On information and belief, the '572 patent is invalid in view of, for example, U.S. Patent No. 6,212,552, which is entitled "Declarative Message Addressing" and which was filed on January 15, 1998 and issued on April 3, 2001.

## FOURTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

22.     The claims of the '572 patent are so limited by the prior art, by their terms, and/or by representations made to the United States Patent and Trademark Office during prosecution of

4

the applications which resulted in the '572 patent that none of the claims of the patents are infringed by Google.

### FIFTH AFFIRMATIVE DEFENSE – LIMITATIONS ON DAMAGES

23.     A Pty's claim for damages, if any, against Google for alleged infringement of the '572 patent are limited by 35 U.S.C. §§ 286, 287, and/or 288, and by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE – LACHES, ESTOPPEL, AND/OR WAIVER

24.     A Pty's claims against Google are barred, in whole or in part, by the equitable doctrines of laches, estoppel, and/or waiver.

### RESERVATION OF ADDITIONAL DEFENSES

Google reserves the right to assert additional defenses which may be developed through discovery in this action.


Dated:  October 22, 2015                                Respectfully submitted,


By:     /s/ Stefani E. Shanberg
        Stefani E. Shanberg
        Texas Bar No. 24009955
        WILSON SONSINI GOODRICH & ROSATI
        Professional Corporation
        One Market Plaza
        Spear Tower, Suite 3300
        San Francisco, California  94105
        Telephone:  (415) 947-2000
        Facsimile:  (415) 947-2099
        E-Mail:     sshanberg@wsgr.com

        Attorneys for Defendant
        GOOGLE INC.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 22, 2015, the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).


_____/s/ Stefani E. Shanberg_____
Stefani E. Shanberg

Answer to Complaint
Case No. 1:15-cv-00157-RP