IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| A PTY LTD., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 1:15-cv-00157-RP |

**FIRST AMENDED ANSWER TO COMPLAINT BY DEFENDANT GOOGLE INC.**

Defendant Google Inc. ("Google") hereby amends its answer to Plaintiff A Pty Ltd.'s ("A Pty" or "Plaintiff") Complaint for Patent Infringement ("Complaint"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

**PARTIES**

1. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and, therefore, denies them.

2. Google admits that it is a Delaware corporation with its headquarters at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google admits that it has a registered agent for service located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**JURISDICTION AND VENUE**

3. Google admits that this action purports to invoke the patent laws of the United States, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Google denies any remaining allegations contained in paragraph 3.

4.  For the purpose of this action only, Google admits that venue is proper in the Western District of Texas pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).  Google denies that this Court is an appropriate or convenient venue for this action and reserves the right to seek a transfer to a more convenient forum.  Google denies any remaining allegations contained in paragraph 4.

5.  For the purpose of this action only, Google does not contest personal jurisdiction in the Western District of Texas.  Google specifically denies that it has committed any acts of infringement within the Western District of Texas, or any other District.  Google denies any remaining allegations contained in paragraph 5.

## FACTUAL BACKGROUND

6.  Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and, therefore, denies them.

7.  Google admits that paragraph 7 is a paraphrase of language that appears in the Abstract of the '572 patent.  Google denies any remaining allegations contained in paragraph 7.

8.  Google denies the allegations in paragraph 8.

9.  Google admits that it operates offices in Austin, Texas and Addison, Texas. Google denies the remaining allegations contained in paragraph 9.

10. Google denies the allegations in paragraph 10.

## RESPONSE TO COUNT I – INFRINGEMENT OF U.S. PATENT 7,010,572

11. Google admits that what appears to be a copy of U.S. Patent No. 7,010,572 ("the '572 patent") is attached as Exhibit A to the Complaint, and indicates on its face that it is entitled "System for Handling Electronic Mail."  Google is without knowledge or information sufficient

2

to form a belief as to the truth of the remaining allegations of paragraph 11 and, therefore, denies them.

12. Google denies the allegations in paragraph 12, and specifically denies that it has committed any acts of infringement.

13. Google admits that the link https://support.google.com/mail/answer/3294854?hl=en is to a webpage entitled Gmail Help. Except as expressly admitted, Google denies the allegations contained in paragraph 13.

14. Google denies the allegations in paragraph 14.

15. Google denies the allegations in paragraph 15, and specifically denies that it has committed any acts of infringement.

## RESPONSE TO DEMAND FOR JURY TRIAL

16. A Pty's demand for a trial by jury on all issues so triable does not state any allegation, and Google is not required to respond.

## RESPONSE TO PRAYER FOR RELIEF

17. These paragraphs set forth the statement of relief requested by A Pty to which no response is required. Google denies that A Pty is entitled to any of the requested relief and denies any allegations contained therein.

## AFFIRMATIVE DEFENSES

18. Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Google

specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

19.     A Pty's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE – NONINFRINGEMENT

20.     Google does not infringe and has not infringed (not directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '572 patent, at least because the accused Google products do not employ a method in which a "descriptor comprises," or is "selected from," "a plurality of identifying elements."

## THIRD AFFIRMATIVE DEFENSE – INVALIDITY

21.     The claims of the '572 patent are invalid because one or more claims fail to meet the "conditions for patentability" of 35 U.S.C. §§ 101, 102, 103, and/or 112 because the alleged invention thereof lacks utility; is taught by, suggested by, and/or, obvious in view of, the prior art; is not adequately supported by the written description of the patented invention; and/or the claims are directed to abstract ideas or other non-statutory subject matter under 35 U.S.C. § 101 and controlling case law under any construction of any claim terms.  Moreover, following the Court's preliminary claim construction procedure, "email address" was the sole claim term proposed for construction by any party for purposes of evaluating validity under §101.  The parties have agreed on the construction of "email address" as meaning "a string of characters complying with an addressing format for transmission of an email message by the SMTP protocol," as proposed by A PTY.  This construction does not render any of the claims patent eligible.  Instead, it confirms that the claims are merely directed to the abstract idea of using

information about a person to locate that person's address, applied on the Internet. The patent then provides no inventive concept as required under controlling case law. Thus, the asserted claims of the '572 patent are invalid under 35 U.S.C. § 101 and controlling case law. On information and belief, the '572 patent is further invalid in view of, for example, U.S. Patent No. 6,212,552, which is entitled "Declarative Message Addressing" and which was filed on January 15, 1998 and issued on April 3, 2001.

### FOURTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

22.     The claims of the '572 patent are so limited by the prior art, by their terms, and/or by representations made to the United States Patent and Trademark Office during prosecution of the applications which resulted in the '572 patent that none of the claims of the patents are infringed by Google.

### FIFTH AFFIRMATIVE DEFENSE – LIMITATIONS ON DAMAGES

23.     A Pty's claim for damages, if any, against Google for alleged infringement of the '572 patent are limited by 35 U.S.C. §§ 286, 287, and/or 288, and by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE – LACHES, ESTOPPEL, AND/OR WAIVER

24.     A Pty's claims against Google are barred, in whole or in part, by the equitable doctrines of laches, estoppel, and/or waiver.

### RESERVATION OF ADDITIONAL DEFENSES

Google reserves the right to assert additional defenses which may be developed through discovery in this action.

5

Dated:  November 12, 2015	Respectfully submitted,


	By:   /s/ Stefani E. Shanberg
	Stefani E. Shanberg
	Texas Bar No. 24009955
	WILSON SONSINI GOODRICH & ROSATI
	Professional Corporation
	One Market Plaza
	Spear Tower, Suite 3300
	San Francisco, California  94105
	Telephone:  (415) 947-2000
	Facsimile:   (415) 947-2099
	E-Mail:       sshanberg@wsgr.com

	Attorneys for Defendant
	GOOGLE INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 12, 2015, the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).


                     /s/  Stefani E. Shanberg
                         Stefani E. Shanberg